UNITED STATES HOTEL Co., INC., Respondent, v. CITY OF SARATOGA SPRINGS, N. Y., and MARY A. MULQUEEN, as Commissioner of Finance of the City of Saratoga Springs, N. Y., Appellants.— The defendants appealed from a judgment vacating and setting aside certain taxes levied against the plaintiff's property for the year 1932 and annulling the tax sale therefor. The trial court held that the taxes in question and the subsequent sale of plaintiff's property were void because there was a failure to comply with the charter provision requiring the tax to be extended against each separately assessed parcel whereas the total tax upon three separately assessed parcels was extended against only one parcel and no tax was extended against the other two. The questions involved here were passed upon in *Crommelin* v. *Finn* (129 Misc. 252; affd., 223 App. Div. 868), in which the Court of Appeals denied permission to appeal to that tribunal. Judgment affirmed, with costs. McNamee, Crapser, Bliss and Heffernan, JJ., concur; Hill, P. J., dissents, and distinguishes the facts here from those in *Crommelin* v. *Finn* (129 Misc. 252; affd., 223 App. Div. 868).

In the Matter of Proving the Last Will and Testament of ADA M. STEWART, Deceased. HARRY SHERBURNE and Another, Petitioners, Respondents; WILLIAM A. GARDNER, Objector, Appellant.— This is an appeal from a decree of the Surrogate's Court of Montgomery county, admitting a will to probate. Objections were filed on the grounds of defective execution, mental incapacity and undue influence. The will is regular on its face, and reasonable in its content, was signed by two witnesses, and had an attestation clause annexed thereto. Both of the witnesses were sworn, and both supported the will. The will was executed when the testatrix was about seventy-five years of age, and about four years before her death. It was written out by the hand of her attorney in her own home, with no one else present. From the testimony of the subscribing witnesses it appears that the testatrix declared the instrument to be her will in the presence of both of them, signed it in their presence, and requested them to sign as witnesses, and that they did so at that time. The proof was sufficient to sustain a proper execution. Proof as to undue influence was slight, and entirely inadequate to support that contention. The testimony on testamentary capacity was conflicting, and we think the surrogate reached the proper conclusion. Decree unanimously affirmed, with costs to the respondents payable out of the estate. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.